T.C. Memo. 1999-186


UNITED STATES TAX COURT


HUMES HOUSTON HART, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9355-98.                    Filed June 8, 1999.


Humes Houston Hart, pro se.

<u>Judith Cohen</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the year in issue.
All Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a deficiency in petitioner's 1994 Federal income tax in the amount of $2,171 and an addition to tax pursuant to section 6651(a)(1) in the amount of $540.

Respondent concedes the deficiency and addition to tax in full; thus, the only issue in dispute is whether petitioner is entitled to an overpayment in the amount of $11.

At the time of filing the petition herein, petitioner resided at Spring City, Pennsylvania.

During the taxable year 1994, petitioner received taxable income. The taxable income was reported by various third-party payors from "stock/bond" sales, "pension/annuities", dividends, and interest. With respect to two of petitioner's bank accounts, there were withholding credits totaling $11.

Petitioner did not file a Federal income tax return for the taxable year 1994. Respondent mailed a notice of deficiency to petitioner on May 11, 1998, determining the deficiency and addition to tax. The notice of deficiency determined that petitioner failed to file a return and failed to report various items of taxable income referred to above. After petitioner provided certain information to representatives of the Internal Revenue Service (IRS), and after a review of this matter by the IRS Appeals Office, respondent concluded that petitioner was not required to file a Federal income tax return and was not liable for a deficiency or an addition to tax.

Petitioner claims that he is entitled to a determination of an overpayment of his 1994 Federal income tax and that the overpayment should be refunded to him. Respondent contends that petitioner is not entitled to a refund of an overpayment because of the limitations of sections 6511 and 6512(b).

Pursuant to section 6512(b)(1), we have jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded for years that are properly before us. However, if a taxpayer did not file a return before the notice of deficiency was mailed, the amount of the credit or refund is limited to the taxes paid during the 2-year period prior to the date the deficiency notice was mailed. See secs. 6511(b)(2),[2]

---

[2] Sec. 6511(a) generally provides that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the time the return was filed or within 2 years from the time the tax was paid, whichever period expires later. Sec. 6511(a) also expressly provides that, if no return is filed, the claim must be filed within 2 years from the time the tax was paid. Sec. 6511(b)(2) provides limitations on the amount of any credit or refund as follows:

(2) Limit on amount of credit or refund.--

(A) Limit where claim filed within 3-year period.--If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years

(continued...)

6512(b)(3)(B); <u>Commissioner v. Lundy</u>, 516 U.S. 235, 243-244 (1996); <u>Stevens v. Commissioner</u>, T.C. Memo. 1996-250.

The only tax payments petitioner made for 1994 were withholding credits. Such payments are deemed to have been paid as of April 15, 1995. See sec. 6513(b)(1).[3] Since the withholding taxes were paid more than 2 years before the notice of deficiency was mailed, petitioner is not entitled to a refund of any part of an overpayment for 1994. We therefore hold that the statutorily imposed time limitations of sections 6511 and 6512 bar us from determining that petitioner is entitled to a refund with respect to his 1994 tax. See <u>Commissioner v. Lundy</u>,

---

[2](...continued)
immediately preceding the filing of the claim.

    (B) Limit where claim not filed within 3-year period.--If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

    (C) Limit if no claim filed.--If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.

[3] Sec. 6513(b)(1) provides in pertinent part:

    (1) Any tax actually deducted and withheld at the source during any calendar year * * * shall * * * be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31.

supra; Badger v. Commissioner, T.C. Memo. 1996-314; Stevens v. Commissioner, supra.

To reflect the foregoing,

> Decision will be entered
> for petitioner as to the
> deficiency and addition to
> tax and for respondent as to
> the overpayment.